Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8020 | **DATE** | January 24, 2011 |
| **CASE TITLE** | *Johnson v. U.S. Security* | | |

**DOCKET ENTRY TEXT:**

The clerk is directed to file the plaintiff's motions for leave to proceed in forma pauperis and for appointment of counsel nunc pro tunc as of 12/17/2010. The plaintiff's motion for leave to proceed in forma pauperis is granted and her motion for appointment of counsel is denied without prejudice. The claims against JP Morgan Chase Bank and the State of Illinois are dismissed without prejudice but the employment discrimination claims against U.S. Security Associates may proceed. Summons shall issue. The Marshal is directed to effect service of process. The clerk shall send the plaintiff a U.S. Marshall 285 form for service. The plaintiff shall complete the form and deliver it to the Marshal by 2/11/2011. This matter is set for status on 3/15/2011 at 11:00 a.m.

■[ For further details see text below.]                                Docketing to Mail Notices.

## STATEMENT

On 1/04/2011, the court issued an order stating that the pro se plaintiff had filed a complaint but had not tendered the docketing fee or a motion for leave to proceed in forma pauperis. It then gave the plaintiff a deadline to pay the fee or file a motion. In response, the plaintiff contacted the clerk's office and advised them that she had filed a motion for leave to proceed in forma pauperis and for appointment of counsel. These documents were not on the docket due to an administrative error. The clerk is directed to file these motions nunc pro tunc as of 12/17/2010.

The plaintiff's motion for leave to proceed in forma pauperis is granted as the court finds that the plaintiff is indigent. Her motion for appointment of counsel is denied without prejudice. The court will revisit this determination during the pendency of this case as necessary.

With respect to further proceedings, this court has the power to screen complaints filed by all litigants prior to service, regardless of their fee status, and must dismiss a complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B). Here, the plaintiff contends that her former employer (U.S. Security Associates) discriminated against her and attaches the EEOC's right to sue notice. She also includes unrelated claims against JP Morgan Chase Bank and the State of Illinois. "[M]ultiple claims against a single party are fine, but

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

| STATEMENT |
|---|

Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . " *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). While the precise scope of the claims against JP Morgan Chase Bank and the State of Illinois is unclear, any causes of action the plaintiff is attempting to raise against these defendants are not based on the same operative facts as her employment discrimination claims against U.S. Security Associates. Thus, the claims against JP Morgan Chase Bank and the State of Illinois are dismissed without prejudice as they may not proceed as part of this lawsuit.

     The employment discrimination claims against U.S. Security Associates may proceed. The plaintiff is reminded that she may make an appointment with the Pro Se Self Help Assistance Attorney by calling (312) 435-5691. Summons shall issue. The Marshal is directed to effect service of process. The clerk is directed to send the plaintiff a U.S. Marshall 285 form for service. The plaintiff is directed to complete the form and deliver it to the Marshal by 2/11/2011. She should ensure that she provides the Marshal with complete and accurate address information for U.S. Security Associates. This matter is set for status on 3/15/2011 at 11:00 a.m.