# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARY L. JOHNSON | ) |
|       Plaintiff, | ) No. 10 CV 08020 |
| | ) Judge Blanche M. Manning |
| v. | ) |
| | ) |
| U.S. SECURITY ASSOCIATES INC., | ) |
|       Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

Approximately one month after starting her employment with U.S. Security Associates, Inc., Mary Johnson alleges that she became subject to unwelcome touching and sexual comments from male and female colleagues. She alleges that when she complained, she was fired, and then received death threats after pursuing administrative remedies through state and federal agencies.

The Equal Employment Opportunity Commission eventually issued Johnson a right-to-sue letter and she filed a *pro se* complaint alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e, *et seq*. Before the court is U.S. Security's motion to strike exhibits from Johnson's complaint, and for either dismissal of the complaint or for a more definite statement. For the following reasons, U.S. Security's motion is denied in part and granted in part.

## BACKGROUND

The following facts are taken from Johnson's complaint and accepted as true for the motion to dismiss. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). In May 2007, U.S. Security hired Johnson as a security guard for a JP Morgan Chase facility in Elgin, Illinois. Before her first month's end, a female coworker named Wendy began

to touch, rub, and make sexually suggestive comments towards Johnson. When Johnson complained to her supervisor, the touching and comments temporarily subsided. However, a short time later, the touching resumed. This time, other guards approached Johnson in addition to Wendy, and made unwanted advances toward Johnson. After enduring this treatment for one year, Johnson's supervisor, Elias Quintanilla, began to initiate conversations of a sexual nature with her. According to Johnson, Quintanilla told her that he liked cop shows with rape scenes. He also invited Johnson to watch a movie containing a rape scene on his laptop, and showed her a picture of male genitalia painted onto the hood of a remote controlled car.

In September 2008, Johnson arrived to work and found site manager Mike Hamus arguing with Quintanilla. Johnson does not identify the nature of the argument, but she alleges that it was all a setup to force Quintanilla to work weekends on the same shift as Johnson. Upset by the news and fearful of renewed harassment by Quintanilla, Johnson alleges that she asked Hamus to be "relieved," though she would not initially tell him why. When pressed, Johnson described Quintanilla's past conduct, and Hamus told her to "get out." Johnson stormed out of the bank, throwing her security badge on the lobby floor.

Johnson then cross-filed a claim of sexual harassment and retaliation with the Illinois Department of Human Rights and the EEOC. After filing her claim, she allegedly received death threats from persons at U.S. Security, including one from Phil Casale, who reportedly told her, "if you mess with one of them – the police, firefighters, security, etc. – you mess with them all." Johnson alleges that her home was also broken into. After receiving the EEOC's Right to Sue letter dated September 17, 2010, Johnson timely filed a complaint with this court.

U.S. Security has moved to dismiss Johnson's complaint or for a more definite statement, and to strike certain exhibits attached to the complaint. *See* Fed. R. Civ. P. 12(b)(6). For the reasons stated, the motion to dismiss is granted in part and denied in part.

## ANALYSIS

I.  **Motion to Dismiss for Failure to State a Claim**

   a.  **Legal Standard**

On a motion to dismiss under Rule 12(b)(6), the court accepts the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. *See Marshall-Mosby*, 205 F.3d at 326. In addition, because Johnson is proceeding *pro se*, the court shall liberally construe her allegations. *See McGee v. Bartow*, 593 F.3d 556, 566–67 (7th Cir. 2010). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S.Ct. at 1964–65 (2007) (citations omitted).

The Seventh Circuit has interpreted *Bell Atlantic* as follows:

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To state such a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted that language to impose two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 US 554, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 344 US 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (alteration in *Bell Atlantic* ). Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court. *Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14.

*E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir.2007); *see also Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618–19 (7th Cir.2007) (observing that under *Bell Atlantic* a complaint must now contain "enough facts to state a claim for relief that is plausible on its face."). With the proper standard in mind, the Court turns to U.S. Security's argument for dismissal.

    **b.    Application**

U.S. Security claims that Johnson has failed to meet the requirements for notice pleading set out in Federal Rule of Civil Procedure 8. However, under Rule 8, a complaint of employment discrimination complaint need not allege facts in support of each element, but rather, need only allege that the employer subjected the employee to an adverse employment action on a prohibited basis. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) ("a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex."). U.S. Security argues that Johnson's complaint does not sufficiently link her adverse employment action to any allegedly improper conduct and, therefore, fails to put it on fair notice of the type of a claim she is pursuing. However, Johnson does state that she was told to "get out" after she engaged in the protected activity of reporting that Quintanilla had sexually harassed her. Complaint [1-1] at 3. She has also alleged that coworkers sexually harassed her by touching her and engaging her in sexually explicit discussions.

The Seventh Circuit has held that a plaintiff can allege employment discrimination quite generally, even after the Supreme Court's refinement of the standards of notice pleading. *See*

*Tamayo,* 526 F. 3d at 1084 ("Once a plaintiff alleging illegal discrimination has clarified that it is on the basis of her [sex], there is no further information that is both easy to provide and of clear critical importance to the claim") (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781-82 (7th Cir. 2007)).  Because Johnson has provided adequate notice to the defendant of the nature of her claims, the motion to dismiss her complaint or for a more definite statement is denied.  However, the court also notes U.S. Security's assertion that it has no notice of the relief Johnson seeks because she failed to include any statement for relief.  In response, Johnson seeks leave to amend her complaint to add a statement for relief, which the court grants.

## II.     Motion to Strike Certain Exhibits

Federal Rule of Civil Procedure 12(f) gives courts discretion to strike from a pleading any matter that is "immaterial, impertinent, or scandalous."  Material is subject to being stricken where it has no material relation to the controversy and is prejudical.  *Villalovos v. Sundance Assocs., Inc.*, No. 01 C 8468, 2003 WL 115243, at *5 (N.D. Ill. Jan. 13, 2003).  Allegations are immaterial where they have "no essential ... relationship to the claim[s]."  *Chicago Printing Co. v. Heidelberg*, No. 01 CV 3251, 2001 WL 1646567, at *1 (N.D. Ill. Dec. 21, 2001).  Material is prejudical where it "has the effect of confusing the issues or where it is so lengthy and complex that it places an undue burden on the responding party."  *Anderson v. Bd. of Educ.*, 169 F. Supp. 2d 864, 86768 (N.D. Ill. 2001).

U.S. Security seeks to strike some of the exhibits attached to Johnson's complaint, arguing that the exhibits are immaterial and would confuse the issues.  The exhibits U.S. Security seeks to strike appear mostly to be ones that Johnson believes demonstrate a conspiracy among security companies to threaten and kill Johnson and members of her family.  Specifically, U.S.

Security seeks to strike: (1) EEOC charges Johnson filed against other security companies for whom she had worked; (2) a DuPage County State's Attorney's complaint form she appears to have filled out against her condominium association and the Carol Stream police department complaining that security companies and police departments were conspiring together to harass her and tap her phones; (3) a CHICAGO SUN-TIMES article regarding a man (apparently her grandson) found dead in a swimming pool; (4) various police reports detailing break-ins to Johnson's home; (5) correspondence declining to offer her free legal representation for her claim for unemployment insurance; and (6) correspondence with the Illinois Department of Human Rights detailing the monetary losses she contends are attributable to U.S. Security. U.S. Security argues that these exhibits are immaterial and prejudicial.

The issues raised by Johnson's complaint concern employment discrimination, specifically, whether (a) U.S. Security subjected her to sexual harassment, and (b) terminated her because she complained about the harassment. After a careful review, the court can discern no material connection between the sexual harassment and adverse employment action alleged in the complaint, and exhibits which purport to detail a conspiracy among members of the security industry to harass and kill her and her family. Likewise, there appears to be no connection between her discrimination claims and correspondence regarding unemployment insurance. However, correspondence with the Illinois Department of Human Rights regarding her discrimination claims against U.S. Security appear to be relevant to her claim for damages. Accordingly, U.S. Security's motion to strike Johnson's exhibits is granted in part and denied in part as follows: the exhibits that are the subject of U.S. Security's motion are stricken except for her correspondence with the Illinois Department of Human Rights.

## CONCLUSION

For the reasons stated, U.S. Security's motion [14-1] is granted in part and denied in part as follows: (1) the motion to dismiss Johnson's complaint for failure to state a claim is DENIED, and Johnson is given leave to amend her complaint to include a prayer for relief; and (2) the exhibits that are the subject of U.S. Security's motion are stricken except for her correspondence with the Illinois Department of Human Rights. Johnson's amended complaint shall be filed by September 22, 2011, or this case shall be dismissed for want of prosecution.

ENTER:

DATE: August 30, 2011

Blanche M. Manning
United States District Judge